# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| RICKY RYDER,        | ) |                          |
|---------------------|---|--------------------------|
| #B-85950,           | ) |                          |
|                     | ) |                          |
| Plaintiff,          | ) |                          |
|                     | ) |                          |
| vs.                 | ) | Case No. 18-CV-1170-SMY  |
|                     | ) |                          |
| JEFF DENNISON, and  | ) |                          |
| THOMAS BURRELL,     | ) |                          |
|                     | ) |                          |
| Defendants.         | ) |                          |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ricky Ryder, an inmate currently housed at Robinson Correctional Center ("Robinson"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff claims that during his previous incarceration at Shawnee Correctional Center ("Shawnee"), Defendants refused to provide him dentures, which made it difficult for him to eat and caused him a great deal of pain and discomfort. Plaintiff asserts a claim under the Eighth Amendment against Jeff Dennison (Warden, Shawnee) and Thomas Burrell (Dentist, Shawnee). In connection with these claims, Plaintiff seeks monetary damages, injunctive relief,[1] and a declaratory judgment.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify

---

[1] Plaintiff asks the Court to order Burrell to supply him with dentures. Shortly after filing the Complaint, Plaintiff was transferred from Shawnee to Robinson. Accordingly, Plaintiff's request for injunctive relief is likely moot. *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir.1996).

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff entered the custody of the Illinois Department of Corrections ("IDOC") on December 27, 2016, after violating the terms of his mandatory supervised release. (Doc. 1, p. 4). At that time, Plaintiff did not have any teeth, nor did he have dentures. *Id.* He had been fitted for dentures prior to his incarceration, but was unable to retrieve them after being taken into custody. *Id.*

In March 2017, Plaintiff was transferred from Menard Correctional Center to Shawnee. *Id.* Upon arrival at Shawnee, Plaintiff was seen by Burrell and requested dentures. *Id.* Burrell told Plaintiff he would be required to pay $325 for the dentures ($162.50 per plate). (Doc. 1, pp. 4-5). Plaintiff explained that he was indigent and had no funds available to pay the fee. (Doc. 1,

p. 4).[2]

Without dentures, Plaintiff was forced to "gum" his food. (Doc. 1, p. 4). He was unable to eat meat, could only eat soft foods, and suffered from sore and swollen gums. *Id.* His inability to chew and digest his food severely affected his health. (Doc. 1, p. 5). Plaintiff "stated his need for teeth" to Burrell, "only to be extorted." (Doc. 1, p. 4).

On May 5, 2018, Plaintiff submitted an emergency grievance. (Doc. 1, p. 8). The grievance suggests that Plaintiff was denied dentures in 2016 and again in May 2018. (Doc. 1, pp. 8-9). Plaintiff explains that he is indigent and that without dentures, he is struggling to eat. *Id.* On May 10, 2018, Dennison denied Plaintiff's grievance, deeming it a non-emergency. (Doc. 1, p. 9). Plaintiff alleges that Dennison condoned and "turned a blind eye" to Burrell's allegedly unconstitutional conduct. (Doc. 1, pp. 4-5).

## **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single Count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this Count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants exhibited deliberate indifference to Plaintiff's serious medical condition, in violation of the Eighth Amendment.

The Eighth Amendment protects inmates from cruel and unusual punishment. *See Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Deliberate indifference to serious medical needs of inmates may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). In order to state such a

---

[2] Plaintiff does not describe Burrell's response, but it is evident that Plaintiff did not receive dentures, presumably because he could not afford to pay for them. (Doc. 1, pp. 4-5).

claim, an inmate must show that: (1) he suffered from an objectively serious medical need; and (2) state officials acted with deliberate indifference to the inmate's medical need, which is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The Seventh Circuit has held that a medical need is objectively serious if it has either "been diagnosed by a physician as mandating treatment" or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). To establish that an official acted with deliberate indifference, a plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).

Dental care is recognized as "one of the most important medical needs of inmates." *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). In *Wynn*, the Seventh Circuit found that an inmate, who alleged that without dentures he was unable to chew his food and suffered bleeding, headaches, and disfigurement, had sufficiently demonstrated a serious medical need for dentures. *Id*.

Here, Plaintiff alleges that he was unable to properly chew his food from March 2017 through June 2018 (when the Complaint was filed). As a result, his gums became sore and swollen. In addition, his inability to properly chew his food interfered with proper digestion, which has caused him further pain and discomfort. These allegations are sufficient to meet the objective showing that he has a serious medical condition. The Complaint also suggests that Defendants responded with deliberate indifference to Plaintiff's medical condition by denying him dentures and/or by failing to take action after becoming aware of the allegedly unconstitutional treatment. *See* e.g., *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015).

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be referred to United States Magistrate Judge Reona J. Daly for further consideration.

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1**, will proceed as to **DENNISON** and **BURRELL**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **DENNISON** and **BURRELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If one of the defendants fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings, including Plaintiff's Motion for Appointment of Counsel. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Daly for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 22, 2018**

s/ STACI M. YANDLE
**U.S. District Judge**
