IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICKY RYDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1170-SMY-RJD |
| | ) |
| JEFF DENNISON AND | ) |
| THOMAS BURRELL, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 34), recommending that the Court grant the motions for summary judgment on the issue of exhaustion filed by Defendants Jeff Dennison and Thomas Burrell (Docs. 22 and 29). Plaintiff filed a timely objection (Doc. 36). For the following reasons, Judge Daly's Report is **ADOPTED**.

Plaintiff Ricky Ryder, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee"). Specifically, Plaintiff alleges that Defendants Dennison and Burrell have failed to provide him dentures, which hinders his ability to chew and digest food. Defendants move for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

Judge Daly determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was unnecessary and instead ruled based on the evidence set forth in the parties'

briefing. Judge Daly examined Plaintiff's emergency grievance dated May 3, 2018 and determined that although Plaintiff submitted the grievance to the Chief Administrative Officer ("CAO"), he took no further action after the CAO determined that an emergency was not substantiated. Judge Daly then concluded that Plaintiff failed to exhaust his administrative remedies because he did not resubmit his grievance through the non-emergency procedures as required.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). The Illinois Administrative Code (the "Code") governs the grievance and appeals process available to prisoners. A prisoner may file a grievance in the normal course which includes: (1) submitting a grievance to a grievance officer; (2) the grievance officer's findings and recommendations are reviewed by the CAO; (3) the CAO renders a decision; (4) the CAO's decision may then be appealed to the ARB. 20 ILCS §§ 504.830, 504.850(a).

Alternatively, a prisoner may request that his or her grievance be reviewed on an emergency basis. Under the emergency procedures, the grievance is forwarded directly to the

CAO for review and can then be immediately appealed to the ARB for expedited review. *See* §§ 504.840, 504.850(a), 504.850(f). If the CAO agrees that the grievance should be handled on an emergency basis, he or she expedites the grievance proceeding and provides a response to the prisoner's grievance. § 504.840(b). If the prisoner still believes that the emergency grievance has not been satisfactorily resolved by the CAO, the prisoner can then appeal to the ARB. § 504.850(a). Importantly, the appeals process explicitly contemplates and applies to both emergency and non-emergency grievances, as evidenced by the Code's specific requirement that the ARB expedite the processing of emergency grievances. § 504.850(f).

Here, Plaintiff does not deny that he failed to appeal his grievance once the CAO determined that it was not an emergency; he argues that Defendants should have been on notice of his inadequate dental treatment when they failed to provide him with dentures. Whether or not Defendants were on notice of alleged inadequate dental treatment is irrelevant to the question of exhaustion and it is apparent that Plaintiff did not fully exhaust his administrative remedies prior to filing suit.

The Court finds no clear error in Judge Daly's findings, analysis and conclusions, and adopts her Report and Recommendation in its entirety. Accordingly, Plaintiffs' claims against Defendants Dennison and Burrell are **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED: August 21, 2019**

**STACI M. YANDLE**
**United States District Judge**